OPINION
On August 21, 1996, defendant-appellant, Gary D. Boss, was indicted on one count each of breaking and entering, a fifth-degree felony, in violation of R.C. 2911.13 (Count 1), and grand theft of a motor vehicle, a fourth-degree felony, contrary to R.C. 2913.02(A)(1) (Count 2). Both offenses occurred on or about July 1, 1996. On September 28, 1996, appellant entered guilty pleas to both counts. In exchange, the state dismissed a third count charging appellant with vandalism.
The trial court accepted the pleas, found appellant guilty, and continued the matter for a presentence investigation. On October 22, 1996, the court sentenced appellant to prison terms of one year on Count 1 and eighteen months on Count 2, the maximum terms permitted on each count. The court also ordered the sentences to be served consecutively. The matter is now before us on appellant's timely appeal with the following assignments of error submitted for review:
Assignment of Error No. 1:
 THE APPELLANT WAS UNCONSTITUTIONALLY DEPRIVED OF HIS FUNDAMENTAL INTEREST IN LIBERTY BASED UPON A PREDICTION THAT HE WILL COMMIT SOME NAMELESS AND UNCHARGED FUTURE CRIME.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED WHEN IT SENTENCED THE APPELLANT TO THE MAXIMUM ALLOWABLE PRISON TERMS FOR A FELONY FOUR OFFENSE AND A FELONY FIVE OFFENSE.
Appellant was sentenced pursuant to Am.Sub.S.B. No. 2 ("Senate Bill 2"), adopted by the 121st General Assembly effective July 1, 1996. The overriding purpose of a sentence imposed for a felony offense committed on or after July 1, 1996, is to punish the offender and protect the public from future crimes by the offender. R.C. 2929.11(A). To achieve this purpose, the sentencing court must consider the need for incapacitation, deterrence, rehabilitation, and restitution. Id. The sentence must also be commensurate with, and not demeaning to, the seriousness of the offender's conduct and its impact on the victim and must be consistent with sentences imposed for similar crimes committed by similar offenders. Id.; R.C. 2929.11(B).
As a general rule, a sentencing court, in determining whether to impose a prison term, is to consider, among other things, whether recidivism is more or less likely. R.C. 2929.12(D) and (E); R.C. 2929.13(B)(2)(a). Once the court determines that a prison term is warranted, the court selects a definite term from the range available under R.C. 2929.14(A).
In his first assignment of error, appellant attacks the provisions of R.C. 2929.12 requiring the trial court to consider his likelihood of recidivism. He submits that the statute denies due process of law by allowing the trial court to enhance punishment based upon a speculative finding that the accused is likely to commit future crimes. Specifically, appellant argues that if such a determination is to be made, the accused is entitled to be present with counsel, to have an opportunity to be heard, to confront and cross-examine adverse witnesses, and to offer his own evidence.
Appellant's arguments are identical to those presented by the accused in State v. Rose (Sept. 15, 1997), Clermont CA96-11-106, unreported. On the basis of our holding in Rose, and for the reasons expressed therein, we find that appellant was not denied due process of law. The first assignment of error is hereby overruled.
In his second assignment of error, appellant claims the trial court erred by imposing the maximum prison terms available for fourth and fifth-degree felony offenses.
Before a court may impose a prison term for a fourth or fifth-degree felony, it must first determine whether any of the eight factors enumerated in R.C. 2929.13(B)(1) are present.[1]
The court then determines — as it did in the case at bar — that upon consideration of the recidivism and seriousness factors of R.C. 2929.12, that a prison term is consistent with the purposes and principles of R.C. 2929.11. See R.C. 2929.13(B)(2)(a).
Appellant received the maximum available sentence for fourth and fifth-degree felony offenses. R.C. 2929.14(A)(4) and (5).[2] The longest term authorized under 2929.14(A) may only be imposed "* * * upon offenders who committed the worst form of the offense [or] upon offenders who pose the greatest likelihood of committing future crimes * * *." (Emphasis added.) R.C.2929.14(C). A trial court is required to give its reasons for imposing the longest term. R.C. 2929.19(B)(2)(d) and (e). Appellant claims the imposition of a maximum sentence was erroneous because the trial court failed to find one of the statutory prerequisites of R.C. 2929.14(C).
In its sentencing entry, the court stated that it considered the statutory criteria of R.C. 2929.11, 2929.12, and 2929.13. Upon analyzing the factors of R.C. 2929.12(B)-(E), the court found that appellant's offense was "a more serious one" and that appellant "was likely to commit further crimes." These findings were necessary to support the trial court's determination under R.C. 2929.13(B)(2)(a) that a prison term, as opposed to a community control sanction, was consistent with the sentencing purposes and principles of R.C. 2929.11.
Nowhere in the entry does the court state it considered, let alone made a finding on, the necessary criteria — that appellant committed the "worst form" of the offense or posed the "greatest likelihood" of committing future crimes — for imposing maximum prison terms under R.C. 2929.14(C). Since a maximum term may not be imposed unless the accused committed the worst form of the offense or poses the greatest likelihood of committing future crimes, and R.C. 2929.19(B)(2) requires a court to make a finding and give its reasons for the imposition of maximum prison terms, a court must set forth the basis upon which it sentences an individual to the maximum available prison term.
The transcript of the sentencing hearing provides no additional support for the imposition of maximum terms. After discussing the factors of R.C. 2929.12, the court found that appellant's offense was a more serious offense and that "recidivism is highly likely." The court then noted that a prison term was warranted under R.C. 2929.13(B) and that consecutive terms were justified under R.C. 2929.14(E). There is nothing — either in the record on in the sentencing entry as required by R.C. 2929.19(B)(2) — to indicate that the court "made a finding and [gave] its reasons" for determining that, under R.C. 2929.14(C), appellant committed the "worst form of the offense" or that he posed the "greatest likelihood" of committing future crimes.
In the absence of any oral or written statement that appellant either committed the worst form of the offense or posed the greatest likelihood of committing future crimes, we are unable to determine which provision of R.C. 2929.14(C) the trial court relied upon for imposing maximum terms. While the trial court has considerable discretion in the imposition of a prison term, see R.C. 2929.12(A), a sentence cannot be upheld if it is clearly and convincingly demonstrated that the sentence is contrary to law. See State v. Rose, Clermont CA96-12-107; R.C. 2953.08(G)(1)(d).
We accordingly conclude that in the absence of either an oral or written finding that the accused satisfies one of the necessary preconditions of R.C. 2929.14(C), a court may not impose the maximum term of imprisonment available under R.C.2929.14(A). Compare State v. Rose. Such a finding may be couched in terms of the direct language of R.C. 2929.14(C) or by specific reference to the code section provided there is a factual basis in the record to support the finding.[3]
The second assignment of error is sustained. Appellant's sentence is vacated and, pursuant to R.C. 2953.08(G)(1), the matter is hereby remanded to the trial court for resentencing.
Judgment reversed and remanded.
POWELL, P.J., and KOEHLER, J., concur.
[1] The court found, and appellant does not dispute, that appellant had previously served a prison term and that the offenses were committed while appellant was on parole. See R.C.2929.13(B)(1)(g) and (h).
[2] As a general rule, the shortest term authorized under R.C. 2929.149(A) is to be imposed. However, imposition of the shortest available term was precluded in the case at bar since appellant had previously served a prison term. See R.C. 2929.14(B).
[3] We render no judgment as to whether the evidence would support a finding that appellant either committed the worst form of the offense or posed the greatest likelihood to commit future crimes. Our decision simply requires the trial court to make such a finding as a prerequisite to the imposition of maximum terms.